CCC
F.# 2017R00156

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 22 2017 ★

LONG ISLAND OFFICE

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2703(d)

APPLICATION FOR HISTORICAL
CELL-SITE INFORMATION PER
§ 2703(d)

No. 17-509MC

APPLICATION OF THE UNITED STATES
FOR AN ORDER FOR HISTORICAL CELL-SITE INFORMATION
PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require AT&T ("the provider" or "AT&T"), a cellular service provider, to disclose certain records and other information pertaining to the cellular telephone assigned call number 347-813-1778, as described in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. AT&T is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require AT&T to disclose the items described in Part II of Attachment A, as these records pertain to a subscriber of electronic communications service and are not the contents of communications. See 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711(3). *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the New York City Police Department ("NYPD") and the Nassau County Police Department ("NCPD") are investigating two robberies of commercial establishments that were conducted in the Eastern District of New York in December 2016, one of which resulted in a murder. Specifically, on or about December 9, 2016, two individuals, who were wearing masks over their faces, brandished firearms and forcibly robbed a convenience store in Queens Village. Approximately one week later on December 16, 2016, two individuals, who were also wearing masks over their faces, brandished firearms and forcibly robbed a convenience store in Valley Stream. During this robbery, one of the robbery victims was not cooperating to the suspect's satisfaction. As a result, the suspect shot the victim causing his death. The government's investigation revealed that

Jermaine Jackson was the shooter. The investigation has further revealed that cellular telephone number 347-813-1778 was subscribed to Jackson during the relevant time period.

5. As a result, the government sought historical cell site information for Jackson's telephone, and on or about January 25, 2017, the Honorable A. Kathleen Tomlinson, United States Magistrate Judge for the Eastern District of New York, ordered the production of historical cell site data for that telephone. That information revealed that Jackson's cellular telephone was in the area of both robberies providing further evidence of Jackson's involvement in the robberies. While AT&T provided some of the historical cell site information, it did not provide all the data that it possesses. Specifically, it is in possession of information that can pinpoint the location of the cellular telephone within a couple of hundred meters. AT&T will provide that information if the government specifically requests "any and all other location based data utilized by AT&T for the Account, including Network Event Location System ("NELOS")." In addition, since the last application, the government learned that on February 6, 2017 at approximately 2 a.m., Jackson shot at the house of his ex-girlfriend's current boyfriend striking a car outside the home. A ballistics expert compared the shell casings from that shooting to that of the shell casings from the December 16, 2016 murder and concluded that they were fired from the same firearm. The government, therefore, requests historical cell site information for the date of that shooting and the day before. Accordingly, the government submits the instant application.

## REQUEST FOR ORDER

6. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the

United States to identify and locate the whereabouts of Jermaine Jackson on the dates in question, thereby determining the nature and scope of his participation in the offenses described above. Accordingly, the United States requests that AT&T be directed to produce all items described in Part II of Attachment A to the proposed Order.

Dated: Central Islip, New York
      February 22, 2017

                    ROBERT L. CAPERS
                    United States Attorney
                    Eastern District of New York

By: _____
     Christopher Caffarone
     Assistant United States Attorney
     631-715-7868

4